UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Judith Sethna | Gregory Bordo |
| | Jared A. Barry |

Proceedings: **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** (filed 11/16/09)

## I.  INTRODUCTION

On August 14, 2009, a group of then-current and former shareholders of MTC Electronic Technologies Co. Ltd. ("MTC") (collectively, "plaintiffs") filed the instant action against Christopher Ho ("Ho"), the Grande Holdings Limited ("Grande"), the Grande International Holdings Limited ("GIHL"), the Ho Family Trust Limited ("HFTL"), Barrican Investments Corporation ("Barrican"), Accolade Inc. ("Accolade"), Airwave Capital Limited ("Airwave"), Clarendon Investments Capital Limited ("Clarendon"), Lafe Corporation Limited ("Lafe"), and Does 1 through 100 (collectively, "defendants") in the Los Angeles County Superior Court alleging claims for: (1) alter ego relief; (2) fraudulent transfer; and (3) violation of 18 U.S.C. § 1962 et seq., the federal Racketeer Influenced and Corrupt Organizations Act ("RICO").

On September 18, 2009, defendants removed the action to this Court based on federal question jurisdiction.  See 28 U.S.C. §§ 1331, 1441(b).

On November 16, 2009, defendants filed the instant motion to dismiss for lack of personal jurisdiction.  On October 18, 2010, after conducting limited jurisdictional discovery, plaintiffs filed a revised opposition, along with revised evidentiary objections

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

to declarations filed by defendants.[1] Defendants filed their reply and evidentiary objections to the Declaration of David F. Berry on November 1, 2010. On November 4, 2010, plaintiffs filed evidentiary objections to the reply declaration of Christopher Ho and a response to defendants' evidentiary objections.[2] After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Procedural Background

On January 23, 1995, plaintiffs or their assignors filed an action in the United States District Court for the Central District of California, captioned Kayne, et al. v. MTC Electronic Technologies, Co., Ltd. et al., CV-95-0422 (the "Kayne Action"), alleging that MTC and others violated federal and state laws by, among other things, misrepresenting and failing to disclose material facts in connection with plaintiffs' purchase of MTC securities and the proxy contest for control of MTC. Complaint ¶ 25; Revised Declaration of David F. Berry ("Berry Decl."), Ex. 5. The Judicial Panel on Multidistrict Litigation transferred the Kayne Action to the Eastern District of New York for coordinated proceedings with class action litigation against MTC. Complaint ¶ 25; Berry Decl. ¶ 8.

Plaintiffs allege that Grande, who took control of MTC in 1994, actively defended MTC in the Kayne Action for more than eight years. Complaint ¶¶ 25, 27–28. Plaintiffs further allege that Grande actively sought ways to limit those MTC assets that would be available to satisfy the claims in the coordinated Kayne Action. Complaint ¶ 28.

---

[1] Plaintiffs filed their initial opposition and evidentiary objections on December 23, 2009.

[2] The Court overrules Defendants' Evidentiary Objections to the Declaration of David F. Berry Nos. 1, 2, 6, 7, 11, 16, 18, 19, 25, 29. The Court overrules Plaintiffs' Evidentiary Objections to the Declaration of Christopher Ho Nos. 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14. Because the Court does not rely on the evidence to which the remainder of defendants' or plaintiffs' objections are addressed, the Court denies those objections as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

Plaintiffs allege that, ultimately, Grande siphoned all of MTC's funds rendering MTC a judgment-proof shell, and advised MTC's counsel to withdraw from the Kayne Action. Complaint ¶ 28; Berry Decl., Exs. 9, 10. Plaintiffs eventually settled with the majority of defendants in the Kayne Action, and obtained a default judgment against MTC in the amount of $37,562,122.09. Complaint ¶ 25; Berry Decl., Ex. 12.

Plaintiffs then brought an action in the Los Angeles Superior Court on December 20, 2006, captioned Kayne, et al. v. The Grande Holdings Limited, No. BC363764 (the "Superior Court Action"), to enforce the default judgment against MTC on the theory that Grande was MTC's alter ego. Complaint ¶ 37; Berry Decl., Ex. 13. On November 13, 2007, Los Angeles Superior Court Judge Mary Ann Murphy found that the Superior Court had personal jurisdiction over Grande on the grounds that there was reason to believe that Grande was an alter ego of MTC. Berry Decl., Ex. 14. Trial in the Superior Court Action is currently set for November 29, 2010. Opp'n at 2.

### B. The Instant Case

The gravamen of plaintiffs' complaint in the instant action is that defendants have undertaken a series of wrongful acts designed to render Grande incapable of satisfying any judgment plaintiffs might obtain against Grande in the Superior Court Action. Complaint ¶ 1. Grande is a Bermuda corporation, whose principal place of business is in Hong Kong. Declaration of Law Kwok Fai Paul ¶ 2. Plaintiffs allege that Ho exercises complete control over Grande, serving as Grande's chairman and controlling shareholder. Complaint ¶ 29; Berry Decl., Ex. 1. Plaintiffs allege that Ho owns a majority of Grande's shares through a complex web of companies incorporated in the British Virgin Islands ("BVI") that ultimately trace back to Ho or HFTL.[3] Complaint ¶ 29; Berry Decl., Ex. 2.

---

[3] Plaintiffs allege that Barrican, incorporated in the BVI, is an investment holding company whose sole function is to own Ho's Grande stock. Complaint ¶ 32; Declaration of Eleanor Crosthwaite on Behalf of Barrican ¶¶ 2–3; Berry Decl., Ex. 2. Until September 2008, Barrican was a wholly owned subsidiary of GIHL, then a BVI company that redomiciled in Luxembourg in 2009. Berry Decl., Ex. 2. In September 2008, GIHL apparently transferred its interest in Barrican to Airwave, another investment holding company incorporated in the BVI. Declaration of Eleanor Crosthwaite on Behalf of Airwave ¶¶ 2–3. Plaintiffs allege that during the relevant time, Airwave and GIHL were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

    Plaintiffs allege that after they filed the Superior Court Action against Grande, and with greater haste after Judge Murphy ruled that the Superior Court could exercise personal jurisdiction over Grande in California, defendants engaged in a scheme to misappropriate Grande's cash and other assets. Complaint ¶ 37. First, plaintiffs allege that in 2007, Grande began transferring its assets to Lafe, a company in which Grande owned greater than a fifty percent interest.[4] Complaint ¶¶ 37, 72–73; Berry Decl., Exs. 26–28. Specifically, plaintiffs allege that Grande sold its building in Hong Kong to Lafe, and that Grande transferred its property and management companies to Lafe. Complaint ¶¶ 37, 72. Second, plaintiffs allege that in January 2008, Grande distributed its entire shareholding in Lafe, then valued in excess of $90 million, to Grande's shareholders as a dividend *in specie*. Complaint ¶¶ 37, 72; Berry Decl., Exs. 21, ¶¶ 58(ii), 31 and 32. Plaintiffs allege that Barrican received title to approximately seventy percent of Grande's Lafe shares, which it then transferred to Clarendon.[5] Berry Decl., Ex. 33. Plaintiffs allege that the net result of Grande's distribution of its Lafe shares was that Ho, HFTL, GIHL, and Clarendon ended up with majority control of Lafe, and Grande had no further ownership interest in Lafe. Complaint ¶¶ 37, 72. Third, plaintiffs allege that Grande entered into a number of other transactions designed to transfer its tangible assets for little or no value. Complaint ¶¶ 37, 72; Berry Decl., Exs. 34, 21 ¶¶ 58(iii)-(v). Plaintiffs

---

both wholly owned by HFTL. Berry Decl., Exs. 1, 20, 56. HFTL is an investment holding company whose shares are wholly owned by Accolade, another company incorporated in the BVI. Declaration of Eleanor Crosthwaite on Behalf of Accolade ("Accolade Decl.") ¶ 3. Accolade is owned by the Ho Family Trust (not to be confused with HFTL), of which Ho has been described as the "beneficiary" and "sole beneficiary." Accolade Decl. ¶ 3; Berry Decl., Exs. 18, 20. Thus, plaintiffs contend that Airwave and Barrican have no other purpose but to remove Ho and HFTL from direct ownership of Grande's stock. Opp'n at 2.

    [4] Lafe is a public company organized under the laws of Bermuda, whose shares are traded on the Singapore stock exchange. Declaration of Adrian Ma ¶ 2. Ho is the Chairman of Lafe. Berry Decl., Ex. 3.

    [5] Clarendon is an investment company incorporated in the BVI, where it maintains its only place of business. Declaration of Eleanor Crosthwaite on Behalf of Clarendon ("Clarendon Decl.") ¶ 2. Clarendon is a wholly owned subsidiary of GIHL. Clarendon Decl. ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

allege that defendants, at Ho's direction, engaged in this conduct in order to shield Grande's assets, at least in part, from any potential adverse judgment in the Superior Court Action.  See, e.g., Complaint ¶¶ 69, 78.

Plaintiffs bring the instant motion to dismiss on the grounds that the Court lacks personal jurisdiction over defendants because none of them have sufficient contacts in the United States or California to support personal jurisdiction.  Mot. at 2.

### III.    LEGAL STANDARD

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.  A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities."  Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."  Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).  Occasional sales to residents of the forum state are insufficient to create general

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1)  The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2)  The claim must arise out of or result from the defendant's forum-related activities; and
(3)  Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

**IV.    DISCUSSION**

Defendants argue that the Court does not have general jurisdiction over any of the defendants. Mot. at 7–10. Plaintiffs appear to concede that the Court does not have general jurisdiction over defendants, and instead assert that the Court may exercise specific jurisdiction under the "Calder-effects" test. Opp'n at 6.

    **A.    Specific Jurisdiction Over Grande, Lafe and Clarendon**

        **1.    Purposeful Availment or Direction**

"The first prong is satisfied by either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, 'are, in fact, two distinct concepts.'" Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)). Courts usually invoke the purposeful availment analysis in cases sounding in contract and the purposeful direction analysis in cases sounding in tort. See Schwarzenegger, 374 F.3d at 802. In this case, the underlying action sounds in fraud, which is a tort. Thus, purposeful direction is the appropriate analytical framework. See id.

The Court evaluates purposeful direction under the three-part "effects" test set forth in Calder v. Jones, 465 U.S. 783 (1984). See Brayton Purcell, 606 F.3d at 1128; Schwarzenegger, 374 F.3d at 802. "Under this test, 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" Brayton Purcell, 606 F.3d at 1128 (quoting Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (internal quotation marks omitted)). Defendants need not have any physical contacts with the forum. See Schwarzenegger, 374 F.3d at 803.

        **a.    Intentional Act**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

An intentional act, is the "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result of consequence of that action." Brayton Purcell, 606 F.3d at 1128 (internal quotations and alterations omitted). Defendants argue that plaintiffs fail to show conduct by each defendant constituting an intentional act. Reply at 11 (citing Calder, 465 U.S. at 790) ("[e]ach defendant's contacts with the forum State must be assessed individually."). Defendants contend that with the exception of Grande, none of the defendants is alleged to have committed any intentional act.[6] Id. at 12. Plaintiffs argue that the intentional act prong is satisfied because Grande and the other defendants intentionally transferred Grande's Lafe shares to Barrican and then to Clarendon, as well as engaged in other transfers of Grande's assets. Opp'n at 14.

Defendants appear to concede that the intentional act requirement is satisfied for Grande. Indeed, plaintiffs allege that Grande commenced a series of transactions designed to strip itself of its tangible assets which could be used to satisfy a potential judgment in the Superior Court Action. See, e.g., Complaint ¶¶ 37, 45. The Court further concludes that plaintiffs sufficiently allege that Lafe and Clarendon engaged in intentional acts. Plaintiffs allege that Lafe purchased companies from Grande for less than fair value. Complaint ¶ 37. Specifically, plaintiffs allege that Lafe purchased The Grande Properties Limited and Vigers International Properties Pte Ltd., and that Lafe had not previously been involved in the business of owning properties that were not for its own use. Complaint ¶ 72. Plaintiffs further allege that Lafe purchased Grande's office building in Hong Kong and subsequently became Grande's landlord. Complaint ¶ 37; Berry Decl., Exs. 27–30. With respect to Clarendon, plaintiffs allege that through a series of suspicious transactions, Clarendon acquired title to approximately seventy percent of Grande's Lafe shares.[7] Complaint ¶ 37; Berry Decl., Ex. 33. These are intentional acts.

---

[6] Defendants are correct that generally the Court must examine each individual defendants' connection with the forum state independently to determine jurisdiction. See Calder, 465 U.S. at 790. As set forth infra, however, the Court concludes that plaintiffs allege sufficient facts to support a finding that Barrican, Airwave, Accolade, GIHL, HFTL, and Ho are Grande's alter egos.

[7] Plaintiffs allege that in January 2008, Grande distributed its entire shareholding in Lafe to Grande's shareholders as a dividend *in specie*. Complaint ¶ 37. Plaintiffs aver that as a result, Barrican received title to approximately seventy percent of Grande's Lafe

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

### b. Expressly Aimed

The second prong of the "Calder-effects" test requires that Grande's conduct be expressly aimed at the forum. See Brayton Purcell, 606 F.3d at 1129. "Something more" than mere foreseeability is required to justify personal jurisdiction over an out-of- state defendant, and that "something more" means conduct expressly aimed at the jurisdiction. Id. This element is satisfied when a defendant is alleged to have engaged in wrongful conduct targeting a plaintiff who the defendant knows to reside in the forum state. See Bancroft & Masters, 233 F.3d at 1087.

Defendants argue that plaintiffs have failed to show or present evidence that any alleged conduct was expressly aimed at California or California residents. Mot. at 11; Reply at 14. Defendants argue that plaintiffs complaint centers on transactions by Grande – one the alleged sale of a building in Hong Kong to Lafe, and the other an alleged dividend distribution of Lafe stock held by a Grande subsidiary – that involve solely foreign entities, and were executed entirely outside the United States. Mot. at 11. Defendants further contend that plaintiffs' allegation that the purpose of these transactions was to render Grande incapable of satisfying a potential judgment is speculative and not based in fact. Id. at 11–12.

Plaintiffs respond that they have alleged, and the circumstantial evidence suggests, that the transactions at issue were specifically targeted at interfering with a prospective California judgment against Grande.[8] Opp'n at 15 (citing Gutierrez v. Givens, 1 F. Supp. 2d 1077, 1083 (S.D. Cal. 1998) (the "Calder-effects" test is satisfied where the acts alleged "were deliberate and intentional acts in furtherance of an illegal conspiracy to

---

shares, which it then transferred to Clarendon. Berry Decl., Ex. 33. Plaintiffs allege that these transactions left Ho with a majority beneficial interest in Lafe because Clarendon is a wholly-owned subsidiary of GIHL and because Ho controls Clarendon. Complaint ¶¶ 35, 63.

[8] Plaintiffs allege that the transfer of Grande's assets to Lafe and the subsequent distribution of Grande's Lafe shares to Clarendon was done to intentionally deprive plaintiffs, creditors of Grande in California, of valuable assets. Complaint ¶¶ 73, 74.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

purposefully defraud 29,000 Californians of a judgment duly awarded by a California state court," even though "most transactions were committed prior to the entry of judgment in that case.")). Plaintiffs argue that even if defendants' motivation for siphoning Grande's tangible assets was only partially to interfere with the Superior Court Action, and was also partially intended to shield Grande's assets from liability in another action in Hong Kong, there is no requirement that the alleged conduct be solely aimed at the forum. Id. (citing Nw. Aluminum Co. v. Hydro Aluminum Deutschland GMBH, No. 02-398-JE, 2003 WL 23571743, at *4 (D. Or. July 3, 2003) ("[t]hat the alleged conspiracy may have affected markets outside the United States as well does not lessen its effect on the relevant United States forum, or undermine the implication that the conspiracy was 'expressly aimed' at United States purchasers of carbon cathode block.")).

The Court finds that plaintiffs allege sufficient facts to establish that Grande's conduct was specifically targeted at interfering with a prospective California judgment against it in the Superior Court Action.[9] Here, plaintiffs allege facts which go beyond "conclusory assertions" to support their claims.

### c. Foreseeable Harm

Plaintiffs have satisfied two of the three requirements necessary to establish purposeful direction. In order to satisfy the third requirement, plaintiffs must demonstrate that Grande "caused harm that it knew was likely to be suffered in the forum." Brayton Purcell, 606 F.3d at 1131. It is not necessary that the brunt of the harm be suffered in the forum, and the element may be satisfied even if "the bulk of the harm"

---

[9] The Court observes that defendants offer legitimate business explanations for the transactions at issue. See Declaration of Christopher Ho Wing On ¶¶ 3–9. At this stage, however, the Court does not pass upon the propriety of defendants' actions. In deciding whether a prima facie case for personal jurisdiction exists, the Court resolves conflicts between the parties' affidavits in plaintiffs' favor. See Brayton Purcell, 606 F.3d at 1127 (in the absence of an evidentiary hearing, "uncontroverted allegations in plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor.") (internal quotations and alterations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

occurs outside the state. Yahoo!, 433 F.3d at 1207. It is true that plaintiffs have not yet obtained a judgment in the Superior Court Action. See Mot. at 12. However, plaintiffs have sustained a serious harm by once again having to pursue a series of shadow corporations in order to collect on a $35 million final judgment entered nearly five years ago in the Kayne Action. It is also of no consequence that Grande has sufficient listed assets to satisfy a possible judgment against it in the Superior Court Action. See Reply at 14. As plaintiffs point out, according to Grande's 2009 Annual Report, the vast majority of Grande's listed assets are intangible assets such as trademarks and goodwill, that compromise plaintiffs ability to collect a prospective judgment in the Superior Court Action. Opp'n at 9; Berry Decl., Exs. 2, 21. Furthermore, if in fact Grande, Lafe and Clarendon engaged in the transactions to frustrate plaintiffs ability to enforce a judgment in the Superior Court Action, clearly they knew that their actions were likely to injure plaintiffs in California.

### 2. Claim Arises Out of Forum-Related Activities

The Court finds that plaintiffs' claims arise out of defendants' forum-related activities. In this case, "the contacts constituting purposeful availment [are] the ones that give rise to the current suit." Pyle v. Hatley, 239 F. Supp. 2d 970, 979 (C.D. Cal. 2002) (internal quotations omitted). The Ninth Circuit applies a "but for" test to determine whether a claim arises from forum-related activities. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003). This test asks whether, "but for" a defendant's contacts with the forum state, would the plaintiff's claims against the defendant have arisen. Id. Here, the "but for" test is satisfied because, but for the dispersal of Grande's tangible assets through the transactions alleged, there would be no interference with plaintiffs' prospective judgment in the Superior Court Action.

### 3. Reasonableness

Finally, in order for the Court to exercise specific jurisdiction, the exercise of jurisdiction must be reasonable. Rano, 987 F.2d at 588. This third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

existence of an alternative forum. Roth, 942 F.2d at 623. Because plaintiffs have established purposeful direction and forum-related activities, it is defendants' burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. See Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477).

Defendants assert that the Court's exercise of jurisdiction over them would not be reasonable. Mot. at 13–15. Defendants argue that the first two factors weigh in their favor because none of the defendants advertise or do business in California, and all of the transactions at issue involve foreign entities and were executed entirely outside the United States. Id. at 13–14. Defendants argue that because the foreign defendants have absolutely no physical contact with the United States, it would place an enormous burden on them to defend a lawsuit here. Id. at 14 (citing Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 851–52 (9th Cir. 1993); Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1488–90 (9th Cir. 1993)).

Defendants argue that the third and fourth factors also weigh against a finding of reasonableness because California has little interest in adjudicating a dispute regarding transactions that allegedly took place between solely foreign entities. Id. Rather, defendants argue that the countries in which defendants are incorporated and reside have a stronger interest in determining whether its citizens acted properly. Id.

Finally, defendants argue that the final three factors support a finding of unreasonableness because there is no reason to believe that plaintiffs' claims could not be asserted, and adjudicated efficiently, in Hong Kong or Singapore. Id. Defendants argue that most of the witnesses and documentary evidence in this case are likely to be outside of California and the United States. Id. at 14–15. According to defendants, any convenience to plaintiffs in trying this action in California is offset by the fact that even if plaintiffs were to obtain a judgment against defendants in this action, they would be required to collect the judgment from entities outside the United States. Id. at 15.

Plaintiffs respond that the exercise of personal jurisdiction over defendants in California is reasonable. Opp'n at 16–18. Plaintiffs contend that the first factor weighs in their favor because it is essentially coextensive with purposeful direction. Id. at 17 (citing Brainerd v. Governors of the University of Alberta, 873 F.2d 1257, 1260 (9th Cir. 1989)). Plaintiffs argue that the second factor is either neutral or weighs in their favor because Ho, an individual defendant and the majority shareholder (either actually or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

beneficially) of all defendants, is fluent in English, which is a mitigating factor. Id. at 17 (citing Berry Decl. ¶ 38; Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1115 (9th Cir. 2002)). Moreover, plaintiffs argue that the burden on defendants of litigating in California is minimized by the fact that Grande is already participating in related litigation in California, and is represented by the same law firm in this action that is representing defendants in the Superior Court Action. Id.

Plaintiffs further respond that the third and fourth factors support a finding of reasonableness because defendants have a series of connections to the United States, and because California has a strong interest in providing a forum for its residents and citizens who are tortiously injured. Id. at 17–18 (citing Dole, 303 F.3d at 1115–16). Plaintiffs argue that the remaining factors also weigh in their favor because, in light of the fact that this action relates to the ongoing Superior Court Action, California is the most efficient forum for judicial resolution of this controversy. Id. at 18. Plaintiffs assert that if California is not the proper forum, plaintiffs may be forced to litigate in a multitude of foreign jurisdictions because all defendants are not necessarily subject to jurisdiction in any one foreign forum. Id.

On balance, the Court concludes that these factors weigh in favor of exercising personal jurisdiction in this case. As discussed supra, Grande, Lafe and Clarendon purposefully directed their activities toward this forum by allegedly engaging in a series of transactions designed to prevent California plaintiffs from recovering a prospective judgment in the Superior Court Action. Moreover, while it may be more convenient for defendants to litigate in certain foreign jurisdictions, the burden on defendants to maintain this litigation in California is not any greater – and most likely substantially less – than plaintiffs' burden in litigating in Singapore or Hong Kong. The fact that the transactions at issue were consummated overseas is not dispositive. California has a strong interest in protecting its citizens from fraud and ensuring that its citizens can collect enforceable judgments. Finally, judicial efficiency is best served by California's exercise of jurisdiction in this action because it is directly related to the Superior Court Action, which is also pending in California. Accordingly, the Court finds that jurisdiction over Grande, Lafe and Clarendon is reasonable.

Because the required elements have been met, the Court finds that it has personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

jurisdiction over Grande, Lafe and Clarendon.[10]

### B. Jurisdiction Over Barrican, Airwave, Accolade, GIHL, HFTL, and Ho as Alter Egos of Grande

Plaintiffs contend that Grande's contacts may be attributed to Barrican, Airwave, Accolade, GIHL, HFTL, and Ho as alter egos of Grande. Opp'n at 6. The Court has already concluded that Grande is subject to the Court's exercise of personal jurisdiction. It follows that if Barrican, Airwave, Accolade, GIHL, HFTL, and Ho are alter egos of Grande, then those entities are also subject to the Court's exercise of personal jurisdiction.

As a general rule, a parent-subsidiary relationship is not enough to attribute the contacts of the subsidiary to the parent for jurisdictional purposes. Unocal, 248 F.3d at 925. However, "a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1134 (9th Cir. 2003). Thus, where a corporation is the alter ego of an individual defendant, the Court may "pierce the corporate veil" jurisdictionally and attribute contacts accordingly. See William W. Schwarzer, A. Wallace Tashima & James M.

---

[10] The parties also dispute whether the Court has specific jurisdiction over Grande on the theory that the instant action is a continuation of the Superior Court Action. Plaintiffs assert that given Judge Murphy's finding of personal jurisdiction over Grande, this Court has jurisdiction over Grande because the instant action arises in order to protect plaintiffs from Grande's actions that are allegedly aimed at interfering with a prospective judgment in the Superior Court Action. Opp'n at 7, 11–12. Defendants reply that Judge Murphy's finding of personal jurisdiction over Grande in the Superior Court Action is not an independent basis for this Court's exercise of personal jurisdiction over Grande because plaintiffs allege entirely different grounds for liability against Grande than the grounds alleged in the Superior Court Action. Reply at 5. Because the Court finds that it has personal jurisdiction over Grande under the "Calder-effects" test, the Court declines to reach this dispute on the present record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 3:86, at 3-34.1 (The Rutter Group 2010). To establish alter ego liability, plaintiffs must make out a prima facie case "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." Unocal, 248 F.3d at 926 (alterations in original) (quoting AT & T, 94 F.3d at 591).

     Plaintiffs contend that GIHL, Barrican, Airwave, Accolade and HFTL are the alter egos of Grande because they are "instrumentalities through which Ho has acted as the alter ego of Grande." Complaint ¶ 69. In particular, plaintiffs assert the following facts to support that there is a unity of interest among the corporate entities: Barrican owns more than sixty percent of Grande's stock, Berry Decl., Ex. 1; in 2008, all of Barrican's stock was transferred from GIHL to Airwave, Berry Decl., Exs. 1, 2; both GIHL and Airwave were owned by HFTL during the pertinent period, Berry Decl., Exs. 1, 20, 56; Accolade is the sole shareholder of HFTL, and the nominal trustee of the Ho Family Trust (of which Ho is the beneficiary and which holds Ho's assets), Opp'n at 13; Ho has been director of GIHL, HFTL, Barrican and Airwave, Berry Decl., Exs. 1, 17, 19, 20; and Ho is Grande's chairman and controlling shareholder, Berry Decl., Exs. 1, 16. Thus, plaintiffs assert that through these alter egos, Ho transferred Grande's liquid assets, including Lafe stock and other valuable assets, to Clarendon, another entity of which Ho is the sole beneficial owner. Opp'n at 13; Berry Decl., Exs. 3, 31–33. Plaintiffs contend that the inequitable results prong is fulfilled because, as a result of the fraudulent conduct alleged, Grande lacks the tangible assets to satisfy any potential judgment in the Superior Court Action. Opp'n at 7–10, 14 (delineating the network of connections between the various corporate entities, and how those connections ultimately trace back to Ho).

     Defendants contend that plaintiffs' alter ego argument contains only conclusory allegations and lacks evidentiary support. Mot. at 16; Reply at 7. Defendants argue that the circumstances plaintiffs allege "show nothing more than instances of common ownership, management, shared employees and typical relationships of corporate affiliates." Reply at 9. Defendants further assert that the inequitable results prong is not satisfied because Grande still possesses net assets worth many times the amount of plaintiffs claim against Grande in the Superior Court Action. Id. at 10.

     The Court finds that plaintiffs allege sufficient facts to support a finding that Barrican, Airwave, Accolade, GIHL, HFTL, and Ho are Grande's alter egos. As a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

preliminary matter, the Court finds that plaintiffs allege sufficient facts to assert personal jurisdiction over Ho as an alter ego of Grande. The "fiduciary shield" doctrine generally holds that "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." Ind. Plumbing Supply, Inc. v. Standard of Lynn, Inc., 880 F. Supp. 743, 750 (C.D. Cal. 1995). However, corporate agents may be subject to the Court's personal jurisdiction "where the defendant was the 'guiding spirit' behind the wrongful conduct . . . or the 'central figure' in the challenged corporate activity." Id. (quoting Davis v. Metro Prods., Inc., 885 F.2d 515, 524 (9th Cir. 1989) (alterations in original). Here, plaintiffs allege that Ho transferred Grande's assets through a series of alter egos in an effort to avoid satisfying a prospective judgment in the Superior Court Action. In support of their theory, plaintiffs allege that Ho exercises nearly unitary control over the various corporate entities, that Ho ultimately stands to gain from the suspicious transfer of Grande's assets, that the corporate entities share resources and office space, and that there is no legitimate business justification for the transfer of Grande's assets. Thus, plaintiffs sufficiently allege that Ho was the guiding spirit behind the actions that give rise to their claims, and that those activities are intended to have an effect in California. See, e.g., Complaint ¶¶ 48–51, 56–69.

For the same reasons, the Court finds that plaintiffs allege sufficient facts to support their theory that a unity of interest exists such that the separate personalities of the corporations at issue no longer exist. Cf. Rae Sys., Inc. v. TSA Sys., Ltd., No. C 04-2030 FMS, 2005 WL 1513124, at *4 (N.D. Cal. June 24, 2005) (finding unity of interest under comparable circumstances). Furthermore, plaintiffs sufficiently allege intent on the part of defendants to defraud plaintiffs by concealing and shielding Grande's assets from a potential judgment in the Superior Court Action by misusing the entities' corporate structure. The Court finds that under these circumstances, a failure to disregard the separate identities of Barrican, Airwave, Accolade, GIHL, and HFTL may result in fraud or injustice. See Oddenino & Gaule v. United Fin. Group, No. CV-96-07345-RSWL, 1999 WL 1011910, at *2 (9th Cir. Nov. 4, 1999) ("the purpose of the alter ego doctrine is to afford such creditors protection where some conduct amounting to bad faith makes it inequitable for the equitable owner of a corporation to hide behind its corporate veil.") (internal quotations omitted).

Accordingly, the Court concludes that it has personal jurisdiction over Barrican, Airwave, Accolade, GIHL, HFTL, and Ho as potential alter egos of Grande.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6816 CAS (CWx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | FRED KAYNE, ET AL. v. CHRISTOPHER HO, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |