1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **CENTRAL DISTRICT OF CALIFORNIA**
10       **WESTERN DIVISION**
11

12   FRED KAYNE, et al.,                    Case No. 09-CV-6816 JAK (CWx)

13              Plaintiffs,                 **DISCOVERY MATTER**

14       v.                                 **[PROPOSED] ORDER ON**
                                            **STIPULATION FOR ENTRY OF**
15   CHRISTOPHER HO, et al.,                **PROTECTIVE ORDER**
                                            **REGARDING CONFIDENTIAL**
16              Defendants.                 **INFORMATION**
17
18                                          ***Note changes made by the Court***
19
                                            Date Action Filed:   September 18, 2009
20                                          Trial Date:          April 23, 2013
21
22
23
24
25
26
27
28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs Fred Kayne et al. and defendants Accolade Inc., Airwave Capital Limited, Clarendon Investments Capital Limited, Grande International Holdings Limited, The Ho Family Trust Limited, Lafe Corporation Limited, Kimbergold Capital Limited, Brasilia Capital Limited, Raycarr Corporate Services Limited, W&L (Nominees) Limited, Christopher Ho and Emerson Radio Corporation, through their attorneys of record, submitted the following Stipulated Protective Order (the "Stipulation") in this matter as follows to govern the designations applicable to all discovery propounded in this action.

Plaintiffs allege transfers of assets by and among the defendants to plaintiffs' detriment. The resolution of these issues may involve the exchange of confidential materials, including but not limited to information concerning confidential business information and financial transactions involving both corporate entities and individuals.

The Court has "broad discretion" to enter a protective order under Federal Rule of Civil Procedure 26(c) to protect the disclosure of confidential information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)"); *L.A. Gem & Jewelry Design, Inc. v. Sterling Jewelers*, 2011 U.S. Dist. LEXIS 90724, *3 (C.D. Cal. Aug. 15, 2011) (entering blanket stipulated protective order to prevent disclosure of confidential business information). Protective orders "aid the civil courts in facilitating resolution of private disputes." *In re Grand Jury Subpoena*, 836 F.2d 1468, 1472 (4th Cir. 1988); *see also In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("Protective orders entered during discovery in civil case . . . promote [] disclosure").

The grant of a protective order under Rule 26(c) must be supported by "good cause." *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002). "Good

cause" exists when "the material in question is a trade secret or other confidential information" and "disclosure would cause an identifiable, significant harm." *Flotz v. State Farm*, 331 F.3d 1122, 1131 (9th Cir. 2003). Protective orders tailored to prevent disclosure of materials that the parties believe in good faith to contain confidential information "are routinely agreed to by the parties and approved by the courts in commercial litigation," and "'good cause' generally exists" for their issuance. *Bayer AG and Miles Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995).

The Stipulation submitted by the parties is a protective order tailored to protect the confidentiality and disclosure of each party's confidential information, as defined below, balanced against the need and use for such information to prosecute and defend this action. Based on the foregoing demonstration of good cause in support of the Stipulation and pursuant to Federal Rule of Civil Procedure 26(c).

NOW THEREFORE, it is ordered that the Stipulation is APPROVED as follows:

## **STIPULATED PROTECTIVE ORDER**

1. This Stipulation shall apply to and govern the exchange of documents, things, information, depositions, response to interrogatories, requests for admissions, or requests for documents and other discovery material ("Material") hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty (a "Producing Party") in connection with this Action.

2. The word "document" as used herein shall be construed to mean any document, tangible thing or writing as defined by Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001(1).

3. "Confidential Material," as used herein, refers to any Material that a Producing Party has designated "Confidential" subject to the requirements for such designations provided in this Stipulation, or otherwise bearing a legend or

identifiable in a reasonable fashion indicating that it is subject to this Stipulation. Any Producing Party may designate as "Confidential" any Material that it produces in the course of this Action when such party in good faith believes such Material contains proprietary information, trade secrets or other confidential research, development or commercial information not in the public domain, or information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). Designation of Material as "Confidential" will also render "Confidential" respectively, any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of such Material unless all references to the Confidential Material are first redacted in their entirety.

4.   Material marked "Confidential" shall be disclosed only to the following:

(a)   counsel for the parties in this Action, and attorneys, clerical, paralegal and other staff or vendors employed by such counsel to assist in this Action;

(b)   the parties to the Action;

(c)   the Court and its authorized personnel;

(d)   the authors, senders, addressees and recipients of such Material marked "Confidential";

(e)   Court reporters or stenographers, or other persons preparing transcripts of testimony under the supervision of a court reporter or stenographer in this Action;

(f)   experts, potential experts, or consultants retained to assist counsel in the prosecution or defense of this Action or to provide testimony in this Action, to whom counsel deems in good faith it is necessary that this material be shown for purposes of this Action;

(g)   any other person that the parties agree to in advance and in writing; and

(h)    any other person designated by the Court in the interests of justice, and on such terms that the Court deems just and proper.

5.    Any person to whom Material marked "Confidential" is disclosed pursuant to subparagraphs *(b) and (d)-(h)* (b)-(h) of paragraph 4 of this Stipulation shall, regardless of the timing of any such disclosure, be advised that (i) the Material marked "Confidential" is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof and (ii) the violation of the terms of the Stipulation may constitute contempt of a court order.  It shall be the responsibility of counsel disclosing Material marked "Confidential" pursuant to subparagraphs *(b) and (d)-(h)* (b)-(h) of paragraph 4 of this Stipulation to provide a copy of this Stipulation to each person to whom the Material marked "Confidential" is disclosed, and each such person shall, prior to disclosure of Material marked "Confidential", execute a Confidentiality Agreement in the form attached as **Exhibit A** hereto.

6.    Confidential Material shall not be used or disclosed by any party or non-party to this litigation, or by any person granted access thereto under this Stipulation, for any business or competitive purpose, for any other lawsuit or proceeding, or for any purpose other than the prosecution, defense, preparation and/or trial of this litigation.  No person may disclose, in public or private, Confidential Material, except as permitted by this Stipulation.  Nothing in this Stipulation shall limit disclosure or use by a Producing Party of its own Confidential Material.

7.    A Producing Party may designate information or documents as Confidential Material by informing the parties in writing that such information or documents shall be deemed Confidential Material.  The inadvertent or unintentional failure to designate Confidential Material as "Confidential" by the Producing Party shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific document or information disclosed or as to

-4-

any other documents or information relating thereto or on the same or related subject matter.  Upon the Producing Party's discovery that a document or information was not correctly designated, the Producing Party shall provide written notice to the other parties that the document or information was inappropriately designated and promptly produce a new copy of the document that is properly designated.  Once notice of inadvertent or unintentional failure to designate Confidential Material is made, the document or information shall be treated as Confidential Material.

8.   Confidential Material shall be designated as follows:

(a)   In the case of hard-copy documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b)   Where Confidential Material is produced in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the appropriate "CONFIDENTIAL" notice should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation.  To the extent that any party uses a printout of the Confidential Material, such printouts shall be marked as described in ¶8(a) above by the party using it.

(c)   In the case of depositions or testimony, designation of the entire transcript or the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within thirty (30) business days after receipt of the transcript by counsel for the party designating the testimony as "Confidential."  When counsel for any party or nonparty has orally designated a portion of a deposition transcript as Confidential Material, the designating party, within thirty (30) days following receipt by that party of the transcript, shall indicate in writing those pages of the transcript deemed to constitute Confidential Material.  If the designation is made

during the course of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential material and the Confidential Material, and the reporter shall place the appropriate legend on the cover of each separately bound portion of the transcript.

(d)     In the case of responses to written discovery requests, designation shall be made by placing a "CONFIDENTIAL" legend on each page of any such response.

9.     In the event that any party objects to the designation of any document as Confidential Material, such party may request in writing that the designating party remove the "Confidential" designation.  Such request shall specifically identify:  (a) the document(s) and designation(s) at issue; and (b) the grounds for questioning the confidentiality designation.  The designating party shall respond in writing within fifteen (15) business days of receipt of the written request, or within such other period of time as may be agreed by the parties.  If the parties thereafter cannot agree upon the designation(s) at issue, any party shall have fifteen (15) business days from that party's receipt of the designating party's written refusal to remove the designation(s), or such other period of time as may be agreed by the parties, to file a motion – *in compliance with the joint stipulation requirements of Local Rule 37 --* for an order requiring that the designating party remove the designation(s).  If the party challenging the designation does not move the Court, the disputed document shall retain the "Confidential" designation.  The parties shall attempt in good faith to resolve any such dispute before filing a motion.  The designating party shall have the burden of establishing that the confidentiality designation is proper under Fed. R. Civ. P. 26(c).  No party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material, and entering into this Stipulation shall not prejudice, in any way, the right of a party to seek at any time a determination by

the Court of whether any particular Material should be subject to the terms of this Stipulation.

10.     This Stipulation shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party, nonparty, or person with respect to any Confidential Material during the trial of this action.  The fact that a document is designated as Confidential Material by a party or nonparty shall not determine or affect what a trier of fact may find to be confidential or proprietary.  In the absence of a stipulation among all parties, the fact of such designation shall not be admissible.  A party shall not be obligated to challenge the propriety of the designation of Material as "Confidential" at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

11.     ***Anyone seeking to file*** ~~All~~ Confidential Material ***may submit the material for filing*** ~~be filed~~ under seal ***in accordance with Local Rule 79-5.1***.  ~~and maintained by the Court in accordance with its rules.  This Stipulation and Order thereon shall constitute prior approval by the Court of all such filings made under seal.~~  The title page of all documents ***submitted for filing*** ~~filed~~ under seal shall contain substantially the following language:

### ***SUBMITTED FOR* FILING**~~ED~~ **UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**This envelope contains material that is subject to a Protective Order entered by the Court in this action and shall not be opened or disclosed except by the Court or by Order of the Court in this action.**

12.     Neither the provisions of this Stipulation, nor the lodging or filing of any Material under seal, shall prevent the use in open court, at any hearing or at trial in this action, of any Confidential Material subject to this Stipulation or lodged or filed under seal pursuant to its provisions, provided that the party desiring to use documents designated "Confidential" gives the Court and attending parties reasonable notice prior to such proceeding.  Any party or designating person

-7-

desiring that hearing be held *in camera*, or that the trial or any portion of it be closed to the public, must make a separate motion or oral request therefor.

13.     In the event additional persons become parties to the Action, they shall not have access to Confidential Material until the newly joined party has executed this Stipulation.  Counsel for the parties and nonparties shall ensure that when Confidential Material is used for the purposes permitted hereunder, the circumstances of such use do not reveal the content of the Confidential Material to any unauthorized person.  Persons with authorized access to Confidential Material shall not disclose such information to any person not bound by this Stipulation.  A list shall be maintained by counsel of the names and addresses of all persons and entities, other than counsel for the parties to this action and their employees and agents, to whom any Material designated as "Confidential" is disclosed.  Such list shall be made available for inspection by the Court upon good cause shown by opposing counsel.

14.     In the event that any party receives a subpoena or other form of legal process requesting discovery or disclosure of Confidential Material subject to this Stipulation, in connection with this or any other litigation or proceeding, the party receiving such a request will provide all other parties to this litigation written notice of that request within five (5) business days of receiving the request and shall object to producing the Confidential Material pursuant to this Stipulation.  Any party receiving such a request shall not produce any Confidential Material for at least ten (10) business days after giving such notice unless the party which produced the Confidential Material states in writing that it does not intend to seek production in connection with the request or a court order is obtained.  If the subpoena or other form of legal process requires production of Confidential Material in less than fifteen (15) business days, the party receiving the subpoena or other form of legal process must provide written notice to all other parties as soon as practicable.  If any party receives a motion to compel production of Confidential Materials of any

other person or entity, such party shall advise the person or entity which submitted such documents and shall advise the court in which such motion is made of the existence of this Stipulation.  If a court nonetheless orders the production of documents that are subject to this Stipulation, then production of such documents pursuant to that court order shall not be deemed a violation of this Stipulation. Nothing contained in this paragraph is intended to indicate that any other court order would have priority over this Stipulation.  Moreover, nothing contained herein shall waive any party's objection to jurisdiction of the other court.

15.    Any party may move the Court *in accordance with Local Rule 37* to seek more stringent designations for Confidential Material (*e.g.*, Attorneys' Eyes Only) or to otherwise modify or grant relief from any provision of this Stipulation. It shall be the burden of the moving party to justify the requested modification or other relief.

16.    This Stipulation is not intended to govern the use of Confidential Material at any trial of this action.  Questions of the protection of Confidential Material during trial will be presented to the Court prior to or during trial as each party deems appropriate.

17.    The Court retains jurisdiction even after termination of this action to enforce this Stipulation.  After termination of this action, Confidential Material shall remain confidential in accordance with the provisions of this Stipulation. Within forty-five (45) days of the conclusion of the litigation, including any appeals, all Confidential Material and copies of such Confidential Materials shall be returned to the relevant producer(s) of such Material or the party will certify in writing that such Confidential Materials has been destroyed.  This section shall not be construed to require the return or destruction of any document filed or lodged with the Court and exhibits thereto, deposition transcripts and exhibits thereto, pleading files or attorney work product created for any party.

18.     The provisions of this Stipulation shall be severable in the event that any of the provisions hereof are held by an Order of this Court to be invalid, void or otherwise unenforceable, or by written stipulation executed by counsel of record for all parties or nonparties, and the remaining provisions shall remain enforceable to the fullest extent permitted by law.

19.     Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege, if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure.  The Producing Party will be deemed to have taken reasonable steps to prevent the disclosure of the Inadvertently Produced Privileged Document if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection.  In the event of the inadvertent disclosure of protected materials, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that the inadvertent disclosure was discovered or brought to the attention of the Producing Party, the Producing Party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly return all copies of the Inadvertently Produced Privileged Document.  If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within ten (10) business days return to the questioning party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and shall destroy any document summarizing or referring to such Inadvertently Produced Privileged Document.  The party returning such material may then move

-10-

the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such order the fact or circumstances of the inadvertent production.

20.    Nothing herein shall create a presumption or implication that a party is entitled to the production of documents or materials by virtue of the existence of this Stipulation, or prevent a party from seeking relief from the Court on discovery related matters.

21.    Nothing in this Stipulation shall bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such counsel shall not disclose the contents or source of any Confidential Material produced by another party to this litigation to any person who is not authorized to receive such information under the provisions of this Stipulation.

IT IS SO ORDERED.


Dated: June 14, 2012                    _____/s/_____

HON. CARLA WOEHRLE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

<u>CONFIDENTIALITY AGREEMENT</u>

I, _____, do hereby certify that I have been provided with a copy of the Stipulation for Protective Order Regarding Confidential Information ("Stipulation") in the above captioned matter, that I have reviewed that Stipulation, and that I agree to be bound by the terms and conditions set forth therein.  I agree not to disclose any Confidential Material except as provided in the Stipulation or to use any such material except for the purposes permitted under the Stipulation.  I understand that these promises are conditions precedent to my receipt of any such information.

I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Agreement and the Stipulation.

Dated: _____      Signed: _____